# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

SCOTT B. BURGESS,

    Petitioner,

v.                                                            Case No. 2:16-cv-10949

DAVID BALLARD, Warden,
Mt. Olive Correctional Complex,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Currently pending is Petitioner's Motion for the Appointment of Counsel, (ECF No. 5). For the following reasons, the court **DENIES** Petitioner's Motion, without prejudice to the filing of a renewed motion should there be a change of circumstance that makes the need for counsel apparent.

The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, authorizes United States District Courts to appoint counsel to represent financially eligible individuals in habeas actions brought pursuant to 28 U.S.C. § 2254, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This standard is similar to the one applied in determining whether to appoint counsel in civil actions governed by 28 U.S.C. § 1915(e)(1), which states that the appointment of counsel rests within the sound discretion of the court. In other words, Petitioner has no constitutional right to counsel in this case. Whether counsel

should be appointed depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)) (holding that the appointment of counsel is discretionary, "but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances."); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (holding that "[t]he appointment of counsel is discretionary when no evidentiary hearing is necessary."); and *Brown v. Virginia*, No. 1:10CV162 JCC/IDD, 2011 WL 1897432, at *10 (E.D. Va. May 18, 2011) ("Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures," and Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required.").

Having reviewed the filings made by Petitioner to date, he appears fully capable of presenting his arguments at this stage of the proceedings. The preliminary issue of exhaustion is currently being addressed; the state court record has been produced by Respondent for use by Petitioner; and the need for an evidentiary hearing is not apparent. Therefore, the appointment of counsel is not appropriate at this time. However, should circumstances change, or an evidentiary hearing become necessary, the court will reconsider its ruling.

The Clerk is directed to provide a copy of this Order to Petitioner, Respondent, and counsel of record.

**ENTERED**: April 18, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge