# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**SCOTT B. BURGESS**,

    **Petitioner,**

v.                                                   Case No.: 2:16-cv-10949

**DAVID BALLARD, Warden,**
Mount Olive Correctional Complex

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 2); Respondent's Motion to Dismiss for Failure to Exhaust State Remedies, (ECF No. 15); and Petitioner's Motion for Stay and Abeyance, (ECF No. 22). This case is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Having thoroughly reviewed and considered the record, the undersigned **FINDS** that Petitioner failed to exhaust his state court remedies as to the majority of his claims; thus, he prematurely filed his petition for a writ of habeas corpus in this Court. However, the undersigned further **FINDS** that Petitioner is entitled to a stay and abeyance of the petition while he exhausts his state remedies. Therefore, the undersigned

1

**RECOMMENDS** that the presiding District Judge **GRANT** Petitioner's request for a **STAY**; **DENY**, without prejudice, Respondent's Motion to Dismiss; and hold Petitioner's habeas petition in **ABEYANCE** pending exhaustion of his state court remedies. In light of the timeliness concerns reflected in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, the undersigned further **RECOMMENDS** that the District Judge condition a stay and abeyance on Petitioner pursuing his state court remedies within **thirty (30) days** of the date that the order to stay is entered and require Petitioner to return to federal court within **thirty (30) days** after he has exhausted his state court remedies.

I. <u>**Relevant Facts and Procedural History**</u>

In 2011, Petitioner Scott B. Burgess was convicted in the Circuit Court of Fayette County, West Virginia (the "circuit court") of first degree murder occurring during the commission of the felony crime of arson ("felony murder"). (ECF No. 16-1 at 4). He was sentenced to imprisonment for the remainder of his natural life with the possibility of parole. (ECF No. 16-2 at 4). He filed a direct appeal of his conviction and sentence in the Supreme Court of Appeals of West Virginia ("SCAWV"), which the SCAWV denied on May 29, 2012. (ECF No. 16-6 at 2-5). He did not seek a writ of certiorari in the Supreme Court of the United States (the "Supreme Court"). (ECF No. 2 at 2).

Petitioner then filed a *pro* se petition for a writ of habeas corpus in the circuit court on August 22, 2012. (ECF No. 16-8 at 2-10). After the circuit court denied his petition, he appealed one assignment of error to the SCAWV regarding certain grounds of ineffective assistance of trial counsel. (ECF No. 16-14 at 4-13). The SCAWV denied his habeas petition on November 23, 2015. (ECF No. 16-17 at 2-4). Petitioner filed a second habeas petition in the circuit court on or about February 18, 2016. (ECF No. 16-19 at 2-11). The circuit

court denied the petition without prejudice on March 23, 2016 on the basis that it was improperly filed under Petitioner's previous civil action number and contained other procedural defects. (ECF No. 16-20 at 2-4). He did not appeal the denial of his second habeas petition. (ECF No. 2 at 4).[1]

On November 12, 2016, Petitioner filed the instant federal habeas petition under 28 U.S.C. § 2254. (ECF No. 2). Respondent moved to dismiss the § 2254 petition on the ground that Petitioner did not exhaust his state remedies with respect to most of the claims raised in his petition. (ECF Nos. 15, 16). In response, Petitioner asserts that his failure to exhaust his claims is due to the actions of his habeas counsel, who allegedly misled and stonewalled him from presenting all valid grounds for habeas relief. (ECF No. 21 at 2-4). He states that if his petition is dismissed without prejudice to allow him to exhaust his state remedies, any future federal habeas petition would be untimely under the AEDPA. (ECF No. 22 at 2). Therefore, Petitioner moves for a stay and abeyance in lieu of dismissal. (*Id.*). In support of his argument for a stay, he asserts that he has good cause for his failure to exhaust because his habeas counsel did not allow him input, failed to submit legitimate grounds that Petitioner wished to pursue, and did not discover or assert additional grounds for habeas relief. (*Id.* at 6). He further contends that his unexhausted claims have merit, and he did not engage in any intentional dilatory litigation tactics. (*Id.*).

Respondent states in his reply that he agrees that Petitioner has no time remaining under the AEDPA to seek federal review. (ECF No. 23 at 2-3). Therefore, Respondent states that he will not oppose a stay and abeyance in this limited circumstance. (*Id.* at 3).

---

[1] What Petitioner refers to as his first and second habeas petitions were his *pro se* petition and then an amended petition filed by appointed counsel in his first state habeas proceeding, respectively. He filed a second habeas action, but did not appeal the circuit court's ruling, as indicated by his statement that he did not appeal his "third" habeas petition. (ECF No. 2 at 4-5).

## II. Standard of Review

Respondent filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), based on Petitioner's failure to exhaust state remedies for some of the claims contained in his petition. (ECF No. 15). Respondent filed an answer concurrently with the motion to dismiss. Therefore, the motion technically should be considered as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in § 2254 actions. *Id.* at 138-39.

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a § 2254 case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.*

4

### III. Exhaustion

As a prerequisite to filing a § 2254 proceeding, a habeas petitioner must exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must fairly present the federal constitutional issues to the state courts and allow them "one full opportunity" to resolve the issues. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Given that the purpose of exhaustion is to ensure that the state has "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Picard*, 404 U.S. at 275 (internal quotations omitted), fair presentation requires that the state courts be fully informed of "'both the operative facts and the controlling legal principles.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (quoting *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997)). While it is unnecessary to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citations omitted). Instead, the petitioner must present the "substance of a federal habeas corpus claim" to the state courts. *Picard*, 404 U.S. at 278.

In West Virginia, exhaustion is accomplished in one of three ways: by (1) presenting the federal constitutional issues directly to the SCAWV through an appeal of the conviction or sentence; (2) filing a petition for a writ of habeas corpus in the appropriate circuit court followed by an appeal of the judgment to the SCAWV, if the result is adverse; or (3) filing a petition for a writ of habeas corpus under the SCAWV's original jurisdiction and receiving a dismissal with prejudice. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *Bayerle v. Godwin*, 825 F. Supp. 113, 114-15 (N.D.W.

5

Va. 1993); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D.W. Va. 1986); *see also Gardner v. Plumley*, No. 2:12-cv-03386, 2013 WL 5999041, at *5 (S.D.W. Va. Nov. 12, 2013). In general, the district court may not review a federal habeas petition unless there has been "total exhaustion" of the presented issues. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Therefore, when a petitioner has failed to exhaust his state court remedies, a federal habeas petition should be dismissed. *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). In the event that a federal habeas petitioner presents a "mixed petition" consisting of both exhausted and unexhausted claims, the district court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in state court; or (3) allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The court may also deny the unexhausted claims on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2); *see also White v. Keller*, No. 1:10-CV-841, 2013 WL 791008, at *5 (M.D.N.C. Mar. 4, 2013).

"The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state court proceedings." *Rose,* 455 U.S. at 518. While the exhaustion requirement is not jurisdictional, it should be strictly enforced. *Id.* at 522. Accordingly, a federal court may only excuse the exhaustion barrier when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Moreover, these statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Where a state court would refuse to hear a claim due to a petitioner's failure to observe a state procedural rule, the claim is considered exhausted because there is "an absence of available State corrective process." *See, e.g.*, *Rose v. Lee*, No. 7:07-cv-00003, 2007 WL 2050823, at *3 (W.D. Va. July 12, 2007) (citing *Teague v. Lane*, 489 U.S. 288, 298 (1989)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."); *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) ("State remedies are exhausted when the petitioner does not have the 'right under the law of the State to raise, by any available procedure, the question presented.'") (quoting 28 U.S.C. § 2254(c)); *Villot v. Varner*, 373 F.3d 327, 337 (3d Cir. 2004) ("[W]hen the state refuses to consider the merits of the prisoner's claims because the petitioner has failed to comply with the state's procedural requirements, his claim is nonetheless technically exhausted because 'there is an absence of available State corrective process'") (quoting 28 U.S.C. § 2254(b)(1)(B)(i)). Although such claims are technically exhausted, they are subject to the procedural default doctrine in any subsequent federal habeas proceeding. *See Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000) ("If claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts."). The procedural default doctrine prevents a federal court from hearing a claim that has been, or would be, disposed of on "adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule." *See Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009).

## IV. Discussion

Reviewing the state record before the Court, the undersigned agrees with Respondent that Petitioner failed to exhaust the majority of the claims raised in his federal habeas petition, including the following grounds:

1. Petitioner's trial counsel was constitutionally ineffective on the basis that he failed to pursue a diminished capacity defense and did not subpoena a list of witnesses that Petitioner provided to him, (ECF No. 2 at 8);

2. Petitioner's appellate counsel was ineffective "because he failed to address numerous errors by trial counsel," "failed to raise the right to a speedy trial issue," and raised only two errors on appeal, (*Id.* at 11);

3. Petitioner's right to a speedy trial was violated and his attorneys were ineffective in waiving the time period for a preliminary hearing and continuing his trial by agreed orders without Petitioner's presence or permission, (*Id.* at 13);

4. Petitioner's constitutional rights were violated by "irregularities in the arrest," including a delayed arrest for arson despite his supposed confession and the fact that he was not appointed counsel for over a month after the alleged arson, (*Id.* at 14);

5. Petitioner's constitutional rights were violated by the "excessiveness or denial of bail" because there was no evidence that the circuit court ever set a bond hearing or that a motion to set bond was filed by any of his attorneys, (*Id.* at 16);

6. Petitioner's confession, which he asserts was obtained during a custodial interrogation without *Miranda* warnings, was improperly admitted at trial, (*Id.* at 18);

7. There was insufficient evidence to convict Petitioner of arson, (*Id.* at 20);

8. There were improper communications between the prosecutor, witnesses, and jury members in Petitioner's criminal case, (*Id.* at 21);

9. There were cumulative errors, which warrant a finding that Petitioner's trial was unfair, (*Id.* at 23);

10. There are over three hundred dashes replacing "significant words" in the transcripts of his criminal proceedings, which prevent Petitioner from thoroughly presenting every claim in a collateral attack on his conviction and sentence, (*Id.* at 25); and

> 11. The circuit court and prosecutor had prior information or knowledge that two witnesses were under the influence of alcohol and drugs while testifying, (*Id.* at 26).

In this matter, Petitioner filed two actions in the SCAWV challenging his conviction and sentence: he filed a direct appeal and later appealed the circuit court's denial of his first state habeas petition.[2] However, neither of these actions exhausted the above-numbered claims presented in his federal petition. In his direct appeal, Petitioner asserted two grounds: (1) the circuit court erred in finding that he was not in custody when he gave incriminating statements to a Deputy Sheriff without *Miranda* warnings and (2) the circuit court erred in denying Petitioner's motion for a directed verdict because the evidence established that he did not have the opportunity to commit the crime of arson. (ECF No. 16-4). To the extent that the claims asserted in his direct appeal parallel two of Petitioner's claims raised in § 2254 petition, stating that the circuit court should not have admitted his illegally obtained confession and that there was insufficient evidence to convict him of arson, (ECF No. 2 at 18, 20), the undersigned finds that Petitioner did not fairly present any *federal* claims regarding these issues to the SCAWV. Rather, the issues raised in Petitioner's direct appeal were presented and considered solely under West Virginia state law. (ECF Nos. 16-4, 16-6).

As discussed, "[a]lthough a petitioner need not 'cit[e] book and verse on the federal constitution' in order to satisfy the exhaustion requirement, the federal claim nevertheless must be 'fairly presented' to the state court." *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (internal citations omitted). "Fair presentation mandates that

---

[2] As noted, Petitioner did not appeal the denial of his second habeas petition to the SCAWV. Thus, the claims presented in that proceeding are not exhausted.

the federal claim 'be presented face-up and squarely.... Oblique references which hint that a theory may be lurking in the woodwork will not suffice' [...] Rather, 'both the operative facts and the controlling legal principles must be presented to the state court.'" *Id.* "Importantly, the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim" and the exhaustion requirement is not satisfied because constitutional implications may be readily apparent from the challenge raised in state court. *Id.* Therefore, because Petitioner did not present any federal constitutional claims to the SCAWV in his direct appeal, the claims asserted in that action are not exhausted.

As to Petitioner's remaining claims, it is clear that he did not raise in either his direct appeal or appeal of his state habeas action any claims regarding ineffectiveness of his appellate counsel; his right to a speedy trial; the denial of bail; improper communications between the prosecutor, witnesses, and the jury; cumulative errors; incomplete transcripts; or intoxicated witnesses. (ECF Nos. 16-4, 16-8). Therefore, such claims are plainly unexhausted.

Further, although Petitioner did assert various claims in his state habeas appeal that his trial counsel was constitutionally ineffective, he did not allege that counsel was ineffective on the basis that he failed to pursue a diminished capacity defense and did not call a list of witnesses that Petitioner provided to him; accordingly, these two specific grounds of ineffective assistance of trial counsel were not considered by the SCAWV. (ECF Nos. 16-8, 16-10, 16-14, 16-17). In sum, the undersigned **FINDS** that Petitioner has not exhausted the foregoing claims listed in the instant federal petition.

Finding that the claims are unexhausted, the undersigned considers whether such claims are procedurally barred. West Virginia's "post-conviction habeas corpus statute,

W.Va. Code § 53–4A–1 *et seq.* ... clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding during which he must raise all grounds for relief which are known to him or which he could, with reasonable diligence, discover." Syllabus Point 1, *Gibson v. Dale*, 319 S.E.2d 806, 808 (1984); *see Markley v. Coleman*, 601 S.E.2d 49, 53 (2004). Grounds that were not raised in direct appeal or state habeas proceeding are deemed waived "when the petitioner could have advanced, but intelligently and knowingly failed to advance" them. W. Va. Code § 53-4A-1(c). When a petitioner fails to raise grounds in his direct appeal or habeas proceeding, there is "a rebuttable presumption that the petitioner intelligently and knowingly failed to advance such contention or contentions and grounds." *Id.*

However, in *Losh v. McKenzie,* 277 S.E.2d 606, 611 (W.Va. 1981), the SCAWV recognized a narrow exception to the procedural bar in which ineffectiveness of state habeas counsel allows a West Virginia state court to reach the merits of a claim contained in a second state habeas petition that could have been, but was not, raised in a first state habeas petition. *Clement v. Ballard*, No. 2:15-CV-02320, 2015 WL 6690158, at *9 (S.D. W. Va. Sept. 22, 2015), *report and recommendation adopted by* 2015 WL 6680893 (S.D. W. Va. Nov. 2, 2015). The SCAWV is clear that in order for a petitioner to waive habeas claims, it must be "knowing and intelligent [...] in the vein of a waiver of a constitutional right, which cannot be presumed from a silent record." Syllabus Point 1, *Gibson*, 173 W. Va. at 684, 319 S.E.2d at 808. Accordingly, "[b]efore the failure to advance contentions in a habeas corpus proceeding will bar their consideration in subsequent applications for habeas corpus relief, the record must conclusively demonstrate that the petitioner voluntarily refrained from asserting known grounds for relief in the prior proceeding."

Syllabus Point 2, *Gibson*, 173 W. Va. at 684, 319 S.E.2d at 808.

Here, the record before the Court does not "conclusively demonstrate," that Petitioner knowingly and intelligently waived his unexhausted claims such that the Court can determine that he would be procedurally barred from raising the claims in state court. Petitioner included all of his presently unexhausted claims in his *Losh* checklist, which was the list of alleged trial errors that he intended to pursue in his state habeas proceeding. (ECF No. 16-11 at 76-79); *see Losh*, 277 S.E.2d at 611. However, he argues that he was prevented from properly exhausting all of his claims due to the actions of his habeas counsel, who deceived him regarding which claims were being considered, and otherwise prevented him from asserting additional claims. (ECF Nos. 21, 22). Without question, habeas counsel selected certain claims to present to the circuit court on habeas review and then appealed only the circuit court's denial of Petitioner's ineffective assistance of trial counsel claim to the SCAWV. (ECF Nos. 16-10, 16-11, 16-14, 16-17). Consequently, although the undersigned expresses no opinion as to habeas counsel's actions, there is a reasonable possibility based on Petitioner's assertions that the state court may find that Petitioner did not knowingly and intelligently waive his unexhausted claims. *See, e.g., Boothe v. Ballard*, No. 2:14-CV-25165, 2016 WL 1275054, at *45 (S.D. W. Va. Mar. 31, 2016), *aff'd*, No. 16-6621, 2016 WL 6819691 (4th Cir. Nov. 18, 2016) ("The Court notes, however, that the record is devoid of any indication that Petitioner intelligently and knowingly waived these claims, such as evidence that his appellate habeas counsel cautioned Petitioner that he may waive these claims by not raising them on appeal.")

The undersigned is mindful that "[i]f any reasonable possibility exists that the state court may apply an exception to its procedural default rule, the federal court should not

apply a state procedural bar to find that exhaustion is futile." *Meadows v. Legursky*, 904 F.2d 903, 909 (4th Cir. 1990), *abrogated on other grounds by Trest v. Cain*, 522 U.S. 87 (1997). Given Petitioner's contention that his unexhausted claims are a result of ineffective assistance of state habeas counsel, the undersigned finds that a reasonable possibility exists that the state court may address the unexhausted grounds on the merits. Accordingly, exhaustion need not be excused under § 2254(b)(1)(B), and the procedural default doctrine need not be applied to Petitioner's claims at this point in the proceedings.

Having concluded that Petitioner has presented both exhausted and unexhausted claims in his petition, without establishing any applicable exception to the AEDPA's exhaustion requirement, the undersigned considers whether it is appropriate for the Court to deny the unexhausted claims on the merits; dismiss the petition in its entirety, without prejudice; order a stay and abeyance while the petitioner exhausts his claims in state court; allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims; or consider the claims *de novo. Rhines,* 544 U.S. at 277–78,; 28 U.S.C. § 2254(b)(2); *see also White,* 2013 WL 791008, at *5.

Beginning with the latter option, Petitioner does not request that the Court consider his claims *de novo*, nor does he set forth any grounds to support such a finding. In fact, Petitioner requests a stay and abeyance such that he can exhaust his state remedies. (ECF No. 22). As discussed, Petitioner does not appear to be procedurally barred from raising his unexhausted claims in state court. *See Losh*, 166 W. Va. at 678, 277 S.E.2d at 611; *Gibson*, 173 W. Va. at 684, 319 S.E.2d at 808. Therefore, the undersigned **FINDS** that this Court should not consider Petitioner's unexhausted claims *de novo*.

Furthermore, the undersigned cannot conclude that Petitioner's unexhausted claims are plainly meritless. Having reviewed the § 2254 petition, the unexhausted claims relate to critical aspects of Petitioner's conviction and sentence, including his allegations of ineffective assistance of trial counsel, an illegally-obtained confession, insufficient evidence to support his conviction, and other errors. The arguments raised by Petitioner are not facially frivolous. Moreover, Petitioner maintains that his state habeas counsel failed to effectively develop the record for some of his unexhausted claims because he never properly investigated, advanced, or appealed them in the state habeas proceedings. After examining the state record supplied by Respondent, the undersigned is not in a position to definitively determine that Petitioner's contentions lack *potential* merit. If the state court agrees with Petitioner regarding the ineffectiveness of his state habeas counsel, then that court should be permitted to develop the necessary record for the unexhausted claims. Thus, the undersigned **FINDS** that the Court should not deny Petitioner's unexhausted claims on the merits.

As to the remaining options presented above, the undersigned **FINDS** that a stay and abeyance is proper in this case. Stay and abeyance is only appropriate in limited circumstances in which the district court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.") In *Rhines*, the Supreme Court provided little guidance as to what constitutes good cause in the context of stay and

abeyance, but cautioned:

> AEDPA's 1-year limitations period "quite plainly serves the well-recognized interest in the finality of state court judgments." It "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." AEDPA thus encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a "properly filed application for State post-conviction or other collateral review" is pending. This scheme reinforces the importance of *Lundy's* "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."
>
> ...
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id.* at 276-77 (citations omitted). Notwithstanding this warning, the Court acknowledged the potential problems posed by requiring dismissal of mixed petitions while enforcing the AEDPA's 1-year statute of limitations, noting that "[i]f a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it ... after the limitations period has expired, this will likely mean the termination of any federal review." *Id.* at 275. For that reason, the Court hesitated to state an inflexible rule. *Id.* at 279 (Stevens, J., concurring) ("[G]ood cause for failing to exhaust state remedies more promptly ... is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner.") (internal markings and citation omitted). Since its decision in *Rhines*, the Supreme Court has offered one example of good cause, albeit in *dicta*. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Court stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" before exhausting his

state court remedies. Some courts have interpreted *Pace* to require a broad interpretation of the good cause requirement set forth in *Rhines. See, e.g.*, *McCrae v. Artus*, No. 10-CV-2988, 2012 WL 3800840, at *8 (E.D.N.Y. Sept. 2, 2012).

The Fourth Circuit has yet to precisely define what constitutes good cause under *Rhines.* However, this Court has found that a stay was warranted in cases in which the petitioners alleged that their state habeas counsel was ineffective, they would be precluded from returning to federal court under the AEDPA if the petitions were dismissed, and the record showed that they had potentially meritorious claims and had not engaged in dilatory litigation tactics. *Clement*, 2015 WL 6690158, at *1; *Buxton v. Ballard*, No. 3:16-CV-04489, 2017 WL 1538163, at *1 (S.D.W. Va. Apr. 4, 2017), *report and recommendation adopted by* 2017 WL 1536448 (S.D.W. Va. Apr. 26, 2017); *Shepherd v. Ballard*, No. 2:16-CV-06669, 2017 WL 2532232, at *1 (S.D.W. Va. May 2, 2017), *report and recommendation adopted by* 2017 WL 2531584 (S.D.W. Va. June 9, 2017).

Turning to the relevant facts in the good cause analysis, the undersigned finds that the AEDPA's one-year statute of limitations clearly expired in this case pursuant to 28 U.S.C. § 2244(d)(1)(A). The SCAWV refused Petitioner's direct appeal on May 29, 2012. (ECF No. 16-6 at 2-5). Petitioner had 90 days within which to file a petition for a writ of certiorari in the Supreme Court. He did not do so; thus, his judgment of conviction became final on the day following the expiration of the 90-day period. *See* Sup. Ct. R. 13. Rule 13 (3) of the Rules of the Supreme Court (The "time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, *and not from the issuance date of the mandate* (or its equivalent under local practice)" (emphasis added); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("If no petition for

a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so—90 days—has elapsed."); *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (Under Federal Rule of Civil Procedure 6(a), the one-year limitation period commences the day after the event triggering the period.).

In this case, Petitioner filed a state habeas petition on August 22, 2012, which was before the expiration of the time period within which he could seek a writ of certiorari in the Supreme Court. Therefore, the AEDPA period was tolled until the SCAWV denied his habeas petition on November 23, 2015. (ECF No. 16-17 at 24-4). *Hill*, 277 F.3d at 704 ("The running of the one-year limitation period, however, is suspended for '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'") (citing 28 U.S.C.A. § 2244(d)(2)). Notably, Petitioner's second state habeas petition and his present federal habeas petition did not further toll the AEDPA time period. (ECF No. 16-20) (Circuit Court Order stating that second habeas petition was not properly filed and dismissing it without prejudice); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."). Therefore, the AEDPA "clock" began running on the day following the SCAWV's denial of Petitioner's first habeas petition and expired in November 2016.

Consequently, if the Court dismissed this action without prejudice so that Petitioner can return to state court to exhaust his claims, he would be time-barred from seeking federal habeas relief absent a finding of equitable tolling. *Holland v. Florida*, 560

U.S. 631, 645 (2010) (AEDPA's statutory limitations period may be tolled for equitable reasons). The undersigned finds that the untimeliness of any future federal habeas petition, as well as Petitioner's allegation that his failure to exhaust was due to ineffective state habeas counsel, weighs in favor of a stay and abeyance in this case. *See, e.g., Samples v. Ballard*, No. 2:13-CV-11638, 2014 WL 1342312, at *11 (S.D.W. Va. Mar. 31, 2014) (citing *Adams v. McBride,* 3:06–cv–0382, 2009 WL 3187209, at *1 (S.D.W. Va. Sept. 30, 2009) (this court granted a stay and held the petitioner's federal habeas petition in abeyance where it seemed clear that dismissal would undoubtedly result in petitioner's inability to timely seek federal habeas relief); *Carter*, No. 2:14-cv-11952, 2015 WL 966127, at *12.

As for the second consideration in assessing the propriety of a stay, the undersigned concludes, as stated above, that Petitioner's unexhausted claims are *potentially* meritorious. Therefore, this consideration also weighs in favor of staying Petitioner's case. Finally, with regard to the third element set forth in *Rhines*, there is no reason to believe that Petitioner has engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. To the contrary, Petitioner was diligent in seeking relief from his convictions, first on direct appeal, and subsequently in his state habeas proceedings. He has no apparent incentive for delay, nor does Respondent accuse him of intentionally thwarting the state process. *Cf. Rhines*, 544 U.S. at 277-78 (recognizing that "capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death."). Moreover, since filing in this Court, Petitioner has been actively engaged in the process. Accordingly, the undersigned **FINDS** that Petitioner satisfies the three requirements for the issuance of a stay under *Rhines*. For the aforementioned reasons, and in light of the fact that Respondent does not object to this Court staying proceedings and holding Petitioner's petition in abeyance, a stay and

abeyance is the most appropriate option available to this Court.

## V. Proposal and Recommendations

For the forgoing reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** the following:

1. Petitioner's motion for a stay and abeyance, (ECF No. 22), be **GRANTED**;

2. Respondent's Motion to Dismiss, (ECF No. 15), be **DENIED, without prejudice,** as premature;

3. Petitioner be **GRANTED** a **STAY** so that he may pursue his state court remedies for his unexhausted claims and that the stay be conditioned on Petitioner pursuing his state court remedies within **thirty (30) days** of the date that the order to stay is entered; and

5. Petitioner's habeas petition be held in **ABEYANCE** pending exhaustion of state court remedies, and Petitioner be required to return to federal court within **thirty (30) days** after he has exhausted his state court remedies and seek to lift the stay.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED**: August 25, 2017

Cheryl A. Eifert
United States Magistrate Judge