IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SCOTT B. BURGESS,

                     Petitioner,

v.                                        CIVIL ACTION NO. 2:16-cv-10949

DAVID BALLARD,

                     Respondent.

**MEMORANDUM OPINION AND ORDER**

      Before the Court are Respondent's Motion to Dismiss for Failure to Exhaust State Remedies, (ECF No. 15), and Petitioner's Motion for Stay and Abeyance, (ECF No. 22). Petitioner, an inmate at Mount Olive Correctional Complex, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2.) Because Petitioner proceeds *pro se*, this action was referred to United States Magistrate Judge Cheryl A. Eifert on November 17, 2016, for submission of proposed findings of fact and recommendations for disposition ("PF&R"). (ECF No. 7.) On August 25, 2017, Magistrate Judge Eifert entered her PF&R finding that Petitioner failed to exhaust his state court remedies as to the majority of his claims and recommending that the Court grant his motion to stay while he pursues those remedies, deny without prejudice Respondent's motion to dismiss, and hold Petitioner's habeas petition in abeyance pending exhaustion of state court remedies. (ECF No. 28.)

      The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and Petitioner's right to appeal this Court's order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on September 11, 2017.  To date, no objections have been filed.

Accordingly the Court **ADOPTS** the PF&R, (ECF No. 28), **GRANTS** Petitioner's Motion for Stay and Abeyance, (ECF No. 22), **DENIES WITHOUT PREJUDICE** Respondent's Motion to Dismiss for Failure to Exhaust State Remedies, (ECF No. 15), **STAYS** this case to allow Petitioner to pursue state court remedies for his unexhausted claims, and **HOLDS IN ABEYANCE** Petitioner's habeas petition pending exhaustion of state court remedies.  This case is **REMOVED** from the active docket of this Court.  The Court **ORDERS** that the stay be conditioned upon Petitioner pursuing his state court remedies within thirty days of the entry of this Order.  The Court further **ORDERS** that Petitioner return to this Court no less than thirty days after exhausting his state court remedies to request that the stay be lifted.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       October 20, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE